# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DIRECTV, Inc.<br>  Plaintiff,<br><br>v.<br><br>RO REYES,<br>  Defendant. | Case No. 03 C 8056<br><br>Magistrate Judge Geraldine Soat Brown |

## MEMORANDUM OPINION AND ORDER

Before the court is the oral motion of Plaintiff DirecTV, Inc. ("DirecTV"), to dismiss, with prejudice, its complaint against Defendant Ro Reyes ("Reyes") pursuant to Fed. R. Civ. P. 41(a)(2). [*See* dkt 64.] Rule 41(a)(2) provides that DirecTV may not dismiss its complaint "save upon order of the court and upon such terms and conditions as the court deems proper." At issue is whether the dismissal order should be conditioned on DirecTV's payment of Reyes's attorneys' fees.

Discovery in this action closed on November 30, 2004. (Aug. 12, 2004 Order.) [Dkt 22.] The trial was scheduled to begin on March 7, 2006. (Oct. 31, 2005 Order.) [Dkt 38.] Pre-trial conferences were held on March 1, 2006 and March 3, 2006. (March 1, 2006 Order [dkt 61]; March 3, 2006 Order [dkt 64].) DirecTV made an oral motion to dismiss its case with prejudice at the second pre-trial conference. (March 3, 2006 Order.) A briefing schedule was set to allow Reyes to submit proposed terms and conditions to the dismissal, DirecTV to respond, and Reyes to reply. (*Id.*)

Reyes's brief in support of his argument for attorneys' fees lists case citations with brief summaries. (Def.'s Mem. at 2-4.) [Dkt 68.] Nothing he cites stands for the proposition that attorneys' fees may be awarded as a condition of a dismissal with prejudice. As DirecTV correctly notes (*see* Pl.'s Resp. at 5-8 [dkt 70]), the law is well-established that attorneys' fees are not awarded as a condition of voluntarily dismissal *with prejudice*, absent independent authority for such an award. *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985); *Berthold Types Ltd. v. Adobe Systs., Inc.*, 155 F. Supp. 2d 887, 891 (N.D. Ill. 2001); *Se-Kure Controls, Inc. v. Protex Intl. Corp.*, No. 93 C 1997, 1993 WL 532443 at *2 (N.D. Ill. Dec. 21, 1993) (Plunkett, J.); Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* vol. 9, § 2366 (West 2005). In contrast, when a plaintiff moves pursuant to Rule 41(a)(2) to dismiss voluntarily *without prejudice*, the court may, in its discretion, award the defendant his costs and attorneys' fees as a condition of the dismissal. *Cauley*, 754 F.2d at 772; Wright, *Federal Practice and Procedure* at § 2366. The purpose of such an award is to reimburse the defendant for the costs of litigation in view of the risk that the same suit will be re-filed and duplicative expenses will result. *Cauley*, 754 F.2d at 772.

Although attorneys' fees may be awarded where the plaintiff moves to dismiss its suit with prejudice if there is independent authority for such an award, no such authority exists here. DirecTV brings this case under the Cable Communications Policy Act (47 U.S.C. § 521 *et seq.*), and the Electronic Communications Privacy Act of 1986 (18 U.S.C. §§ 2510-22), which allow the prevailing *plaintiff* to recover attorneys' fees, but contain no similar provision for prevailing *defendants*. 47 U.S.C. § 605 (d)(6), (e)(3)(B)(iii); 18 U.S.C. §§ 2520(a), (b)(3). Therefore, even if this case were to proceed to trial and a verdict were to be entered in favor of Reyes and against DirecTV, Reyes would still be required to pay all of his own attorneys' fees.

Reyes's primary argument in favor of attorneys' fees is that DirecTV acted in "bad faith" in proceeding with its case against Reyes because, Reyes argues, DirecTV knew that it did not have adequate evidence to support its claims. (*See* Def.'s Reply at 4.) [Dkt 72.] Specifically, Reyes asserts that DirecTV filed two "frivolous" suits[1] against Reyes without sufficient investigation[2] (Def.'s Proposed Terms at 3-4 [dkt 69]; Def.'s Reply at 1); and that it was unfair for DirecTV to move to voluntarily dismiss its case on the eve of trial after having made it necessary for Reyes to incur substantial legal expenses defending the two lawsuits over the course of three years (Def.'s Proposed Terms at 3-4).

As to the latter point, a voluntary dismissal with prejudice is permitted even when the motion comes on the eve of trial. *See e.g., Schwarz v. Folloder*, 767 F.2d 125, 129-30 (5th Cir. 1985) (affirming district court's granting of motions to voluntarily dismiss the claims of five of the plaintiffs before trial and two of the plaintiffs during trial). A dismissal with prejudice does not harm the defendant, no matter when granted—"[t]he defendant receives all that he would have received"

---

[1] The other case to which Reyes refers is *DirecTV, Inc. v. McCann*, Case No. 03 C 3545, which was dismissed without prejudice as to Reyes and others for misjoinder on October 8, 2003. *See* Def.'s Proposed Terms at 1. DirecTV then filed this action against Reyes alone.

[2] Specifically, Reyes asserts that DirecTV knew it did not have sufficient evidence to prove its case but nevertheless proceeded with it. (Def.'s Reply at 1.) Reyes asserts that DirecTV based filing of its suits against Reyes on a "single piece of paper" and that DirecTV conducted a forensic search of Reyes's home computer but found "nothing incriminating." (Reyes's Proposed Terms at 3.) Reyes also asserts that DirecTV knew it could not obtain an adequate Fed. R. Evid. 902(11) business records declaration from Scott Madvig due to problems with the integrity of the database that was the source of the contested business record, citing to allegedly contradictory deposition testimony by Mr. Madvig in support of this assertion. (Reply at 3-5.) Reyes appears to assert that DirecTV intended to submit declarations in lieu of live testimony to prevent Reyes from cross-examining Mr. Madvig or another witness, Bruce Turner, regarding potential bias, and points to Mr. Madvig and Mr. Turner's settlement agreements with DirecTV in support, emphasizing that the agreements were never produced to Reyes. (*Id.* at 3, 5-6.)

had the case proceeded to trial and a verdict had been entered against the plaintiff. *Schwarz*, 767 F.2d at 129. Even if Reyes had prevailed at trial, he would have been obligated to pay his attorney, including the additional fees he would have been charged for his counsel's work during the trial. *See Chavez v. Ill. State Police*, No. 94 C 5307, 1999 WL 754681 at *6 (N.D. Ill. Sept. 9, 1999) (Manning, J.) ("Since the defendants would have incurred even more attorneys' fees had this case proceeded to trial, they cannot be heard to complain that the plaintiffs' throwing in of the towel, which lessened the overall amount of fees necessary to resolve the plaintiffs' remaining claims in their favor, actually harmed them."). Furthermore, if he had not prevailed, he could have been liable for DirecTV's attorneys' fees as well.

Reyes's remaining arguments, that DirecTV knowingly pursued its case in bad faith and without sufficient evidence to prove its case, likewise do not support his claim for attorneys' fees in the context of DirecTV's motion for voluntary dismissal. Reyes cites no authority awarding attorneys' fees based on the plaintiff's alleged bad faith where the plaintiff seeks a Rule 41(a)(2) voluntarily dismissal with prejudice. Although Reyes argues that this action was filed "without prior investigation" by DirecTV or its attorneys (Def.'s Reply at 1), such allegations are more appropriately addressed under Fed. R. Civ. P. 11, to which Reyes makes a cursory reference in his brief (Def.'s Proposed Terms at 4). Rule 11 provides that, when an attorney presents to the court a pleading or other paper, the attorney is certifying that it is warranted by existing law (or by a nonfrivolous argument for the modification of an existing law), has evidentiary support (or is likely to have such support), and is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Fed. R. Civ. P. 11(b).

Sanctions for violations of Rule 11(b) may be imposed by motion or on the court's own initiative. Fed. R. Civ. P. 11(c).

Courts are reluctant to impose Rule 11 sanctions in cases where, as here, the complaining party has never moved under Rule 11(c)(1) and thus has not given the allegedly offending party the opportunity to take advantage of Rule 11's safe harbor provision. *See Kovilic Constr. Co. v. Missbrenner*, 106 F.3d 768, 772-73 (7th Cir. 1997) (recognizing the "need to be cautious when resorting to inherent powers to justify an action, particularly when the matter is governed by other procedural rules . . . ."). When a motion for sanctions is made under Rule 11, "[i]t shall be served . . . but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper . . . is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(1)(A). There is no evidence that Reyes ever followed the procedures set forth in Rule 11. Reyes never filed a motion under Rule 11, and was instead prepared to proceed to trial. Having not served and filed a motion under Rule 11, Reyes cannot obtain an award of attorneys' fees pursuant to that Rule, even if the court were to enter Rule 11 sanctions. *Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 927 (7th Cir. 2004) (holding that, when a judge proceeds under Rule 11 without a motion from the parties, a judge is without authority to award attorney fees).[3]

---

[3] In *Methode*, the Seventh Circuit also held that the court retains inherent authority to award attorneys' fees as a sanction when a party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." 371 F.3d at 927-28 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991)). However, such authority must be exercised cautiously, particularly when the matter is governed by other procedural rules. *Id.* This case does not present the extraordinary situation that justifies the exercise of the court's inherent authority.

Reyes also makes a brief reference to 28 U.S.C. § 1927 (Def.'s Proposed Terms at 4), which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Putting aside the oddity of attempting to invoke, in a case where the plaintiff is walking away and thereby ending the proceedings, a statute punishing conduct that unreasonably *multiplies* the proceedings, Reyes has not identified conduct that rises to the level of that sanctionable under § 1927. *See The Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006), and cases cited therein. Reyes points out that DirecTV submitted two declarations that the court held were insufficient to authenticate purported business records, and argues that DirecTV should have known that the declarants could not honestly authenticate the records. (Def.'s Reply at 3-5.) However, the latter point was never determined by the court. Reyes's motions in limine directed to the declarations were granted without prejudice to DirecTV's submitting revised declarations or presenting witnesses to testify live at the trial to lay foundation for the documents (March 1, 2006 Order at 21 [dkt 63]), and DirecTV moved to dismiss the case before trial.

Reyes cannot be awarded attorneys' fees as a condition to the voluntary dismissal with prejudice. However, Reyes may be awarded costs. *Chavez v. Ill. State Police*, 251 F.3d 612, 656, 655 (7th Cir. 2001) (affirming district court's award of costs to defendant on a voluntary dismissal with prejudice, where the plaintiffs agreed to the court's ruling that "an award of reasonable costs will be a condition precedent to entry of an order permitting the plaintiffs to voluntarily dismiss their remaining claims"); *Migon v. Thorek Hosp. & Med. Ctr.*, Nos. 86 C 5280, 86 C 5283, 1991 WL 10679 at *1 (N.D. Ill. 1991) (Williams, J.) (holding that "[p]laintiffs' dismissal of their claim with

prejudice[] does not preclude an award of costs to the defendants.") (citing Seventh Circuit cases); *Dekalb Genetics Corp. v. Pioneer Hi-Bred Intern.*, No. 96 C 500113, 2002 WL 1308651 at *1 (N.D. Ill. June 13, 2002) (Reinhard, J.) (holding defendant is prevailing party when case is dismissed with prejudice and is ordinarily entitled to costs under Fed. R. Civ. P. 54(d)); *Schwarz*, 767 F.2d at 130-31 (same) (citing cases); *but see Dun & Bradstreet, Inc. v. Walter*, No.90 C 5577, 1991 WL 78172 at *2 (N.D. Ill. May 7, 1991) (Conlon, J.) (district court declined to condition voluntary dismissal with prejudice on award of costs, reasoning that defendants are not the "prevailing part[ies]" for purposes of Fed. R. Civ. P. 54(d)).

## CONCLUSION

For the foregoing reasons, plaintiff's oral motion for voluntary dismissal is granted, and this case is hereby dismissed with prejudice. Costs pursuant to 28 U.S.C. § 1920 are awarded to the defendant, who may submit a bill of costs.

**IT IS SO ORDERED.**

/GERALDINE SOAT BROWN
**United States Magistrate Judge**

**May 4, 2006**